UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09-CV-680-H

CONNIE MARSHALL                                                                    PLAINTIFF

v.

JEFF DEROUEN *et al.*                                                              DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Connie Marshall, filed this *pro se* action against Jeff Derouen, David L. Armstrong, the Commonwealth of Kentucky Public Service Commission, Insight Phone of Kentucky, LLC, Insight Communications, Michael Wilner, and Barbara Huber. Plaintiff complains that these Defendants "did violate FCC rules, the Federal Wiretapping Act, United States Constitution, State and Federal Regulations, the False Claims Act, Racism." She explains that Defendants illegally and fraudulently charged her for telephone and cable internet services; allowed her to be "attacked numerous times on her telephone"; committed defamation, libel, and slander by stating that she was vexing, harassing, and annoying insight customers; illegally disconnected her phone services; refused to take her complaints; and accused her of being a terrorist. Plaintiff further states "this case is directly related to the conspiracy case filed in this court against the Commonwealth . . . in which the entire Commonwealth--though Ms. Marshall has never committed any crimes--has stated to Ms. Marshall, 'we have been told not to assist you,' and have allowed Ms. Marshall to be tormented, property destroyed, mail intercepted, etc. to cover up criminal acts committed by officials in the Commonwealth of Kentucky on State and Federal Level."

Plaintiff attaches a "log of events" to her complaint. The log lists a number of occurrences that Plaintiff attributes to Defendants in one way or another. Below is a sample of some of the events described in Plaintiff's log:

November 6, 2008--Attacked on Phone
Talking to friend Louvelle on telephone, had to stop talking and told him that I was being attacked on the phone.

November 6, 2008--Threatened
Tried to get on the internet and received a pop up box telliing me, "I need to stop talking."

November 16, 2008--Attacked
Talking to Belinda on telephone, Frequencies coming through telephone, caused pressure in back of head and headache. Had several mild headaches throughout the day and then had a seizure, this time I could not catch myself from falling and I fell into the gate that encloses my two toy poodles. I sat on the floor for about 4-5 minutes on top of the broken gate (felt eyes rolling to back of head) Contacted the police at 574-7111 and spoke with Receptionist Sherry, Sherry stated Major Gibson was not in and that is who I need to speak with. Sherry connected me with Sergeant Johnson and he told me that I need to contact the F.B.I. I told him I knew through previous contact with them that the local F.B.I. , my local police, and my local United States Attorney David Huber are involved in what is happening to me and I fear for my life. He told me to contact Homeland Security.

November 18, 2008 (around 10:45 a.m.)
Turned on computer to put in entries, United States flag popped up at bottom of screen. I do not have the internet on this computer, as I have two computers.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)). "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

2

baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. The Court has carefully reviewed Plaintiff's complaint and concludes that it is clearly baseless for those very reasons.

Plaintiff's complaint is comprised of precisely the type of "fantastic," "delusional" and "incredible" allegations that warrant dismissal as factually frivolous. Essentially, Plaintiff's complaint is nothing more than a collection of totally unsubstantiated events compiled by an individual who believes that various things are occurring to her, which simply are illogical and delusional. *See Knight v. Foxworth*, No. 6:07cv70, 2007 U.S. Dist. LEXIS 61727 (E.D. Tex. Aug. 22, 2007) ("In this case, it is apparent that Knight's claims of monitoring by unseen enemies via computer, through the plumbing and air vent in his cell, are irrational and wholly incredible.")

Moreover, despite Plaintiff's unsubstantiated allegations to the contrary, it appears that Plaintiff's telephone service was appropriately terminated by Insight under a tariff that it maintains with the Kentucky Public Service Commission.

> Insight maintains an active tariff with the Commission. The tariff contains a provision of service wherein Insight asserts its right to disconnect the services of a customer when and if that customer exhibits a pattern of behavior that can be classified as vexing, harassing, threatening, or annoying Insight or its employees when such behavior irritates or disrupts Insight's ability to conduct business. In its response, Insight outlined its long history with Ms. Marshall, starting in 2005. Insight states that, during the course of the last few years, Ms. Marshall has repeatedly made numerous service requests and complaints concerning having her

> telephone calls "interrupted and intercepted [or monitored] by the Federal Bureau of Investigation" or a variety of other local, state, and federal agencies. All of the complaints have been unsubstantiated after investigation. In addition to causing Insight to inspect her services, Ms. Marshall has a history of making service complaints but then refusing to allow Insight to schedule service calls and, instead, she accuses Insight's employees of serving as "agents" for government "entities." The Commission finds no evidence that Ms. Marshall was charged for any services other than those provided to her by Insight. Ms. Marshall is obligated to pay any remaining balances owed for services rendered. The Commission also does not find any evidence that Insight wrongfully disconnected Ms. Marshall's services. The complainant before an administrative agency has the burden of proof.'' The Commission notes that the record does reveal that Ms. Marshall has a consistent pattern of making service complaints (in an often abusive tone to employees) and alleging unsubstantiated interruptions to her service based upon her belief that Insight is somehow working in a conspiratorial fashion with a variety of government agencies to keep her from making or receiving telephone calls. The Commission considers such behavior by a customer to be disruptive to a utility's ability to provide service and conduct daily business. When a utility has to devote an inordinate amount of time to researching and investigating the unsubstantiated complaints of one customer, the utility loses the ability to devote a fair and reasonable amount of time to assisting other customers who genuinely need the company's assistance. The Commission finds that, due to the duration and repeated nature of those complaints, Insight was correct in relying upon Section 2.1.6 A.3 of its Tariff No. 1 in qualifying Ms. Marshall's behavior as abusive and terminating her telephone services.

*In re Connie C. Marshall*, Case No. 2009-94, Kentucky Public Service Commission, Order of August 26, 2009.

Plaintiff's allegations are based on some paranoid or delusional fantasy and unsupported imaginings that Defendants are in involved in an elaborate conspiracy with state and federal authorities to harass and eventually kill her. The Court does not doubt that Plaintiff sincerely believes in her allegations, but this Court cannot provide Plaintiff with the assistance that she

needs. Accordingly, this action will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

Date:

cc: Plaintiff, *pro se*
 Defendants
4412.008

5